Webb
*v.*
Rocky-Hill.

Webb and others *against* The town of Rocky-Hill :

IN ERROR.

County commissioners, to whom the laying-out or discontinuance of a highway is referred, are restricted in their action upon the matter referred to them, to the convenience and necessity of the highway ; every other question in the case belonging to the county court.

Where the convenience and necessity of a highway has been regularly acted upon, by the court and commissioners, and decided, the matter in dispute is *res adjudicata*, and no longer open to litigation.

To sustain an application for the discontinuance of a highway legally established, it is incumbent on the applicants to shew new matter accruing since the establishment of such highway.

This was a petition brought by *Benjamin G. Webb* and others, inhabitants of the town of *Rocky-Hill*, to the county court of the county of *Hartford*, in *November*, 1851, praying for the discontinuance of a highway therein described. The petition was dated *October* 24th, 1851, alleging, that said highway, since the laying-out and establishing thereof, has become and is unnecessary for the public use or convenience ; and that the public interest and convenience require the same to be discontinued.

Sundry individuals of the town of *Rocky-Hill*, with others belonging to the neighbouring towns, appeared, and, in the first place, filed a protest against the reference of the petition to the county commissioners, alleging the following facts and reasons :

" 1st, That said highway, mentioned in the petition, the discontinuance of which is prayed for, was laid out and established, by this court, at its *August* term, 1851, and by the consent of the parties, the 20th day of *April*, 1852, was fixed, by said court, as the day for opening the same for public travel, which day has not arrived, and the damages assessed were ordered to be paid on the first day of *January*, 1852 ; and was so laid out and established on the unanimous report and finding of the county commissioners, that said highway was of common convenience and necessity, made and returned at said *August* term.

2d, That said report and finding by the county commissioners, was made, after a protracted hearing, in which the town

*Hartford,*
June, 1852.

Webb
*v.*
Rocky-Hill.

of *Rocky-Hill* was fully heard by witnesses, and by able counsel ;—and presented, on said hearing, or had full opportunity to present, every fact, or consideration in opposition to said laying-out ; all of which were heard, passed upon, and adjudged, by said commissioners in their said finding, and by this court, in its decree, establishing said highway.

3d, That every fact or reason for the laying out said highway, which existed at the time of said hearing, or the establishment of said highway, has continued to exist ever since said hearing, and now exists ; and that since said hearing and establishment, no new fact or reason has arisen against the continuance of said highway, which was not presented, or might have been presented and passed upon, at said hearing.

4th, That if this court shall refer the question as to the convenience and necessity of said highway to the county commissioners, it will be identically the same question which has already been tried and passed upon, at said hearing, and not other or different, and the decision will depend upon the same facts and reasons which then existed and were presented, or might have been presented at said trial, and not other or different facts.

5th, That said highway has never been opened or traveled, nor in any manner fitted or prepared for travel ; nor have the damages assessed to the proprietors of said land been paid or satisfied, by said *Rocky-Hill,* or any part thereof ; nor has any notice of this petition been served on the petitioners for said highway.

6th, That the signers to said petition, are all inhabitants or residents of said *Rocky-Hill,* and have once had full opportunity to prove and urge every consideration against the establishment of said highway, which then existed, or which now exists ; and that said petitioners are identically the same parties with the said town of *Rocky-Hill,* and have with her had their day in court, on the former trial of this cause.

7th, That your remonstrants are deeply interested in the continuance of said highway, and in its being fitted and prepared for public travel ; and some of them have expended large sums of money, on the former trial and hearing, to obtain the laying-out and establishment of said highway ; and they pray this court to protect them from the expense and

the hardship, and the hazard of another trial of this same identical question on the same facts,—without the existence of any new facts.

8th, That your remonstrants who are inhabitants of said *Rocky-Hill*, object to the discontinuance of said highway, upon the further ground also, that said town must pay the damages assessed for said highway, even if the same were to be discontinued.

Wherefore, the undersigned pray, that, for the reasons above set forth, and for other good and sufficient reasons, that said petition be not referred to the county commissioners ; and that your honor will enquire into the above facts, and on finding them true, will order and decree, that said petition be dismissed."

With this document, called a protest, there was a remonstrance, filed by the town of *Rocky-Hill*, and sundry individuals, stating the same matters, with some variations and additions, as the protest contained.    Among the matters alleged in such remonstrance, it was distinctly averred, " that the highway established by the county court, is the same highway mentioned in the petition of *Benjamin G. Webb* and others, the discontinuance of which is therein prayed for, and not other or different ; and that every fact, reason, or matter and thing touching the laying-out of said highway, and the convenience and necessity thereof, was duly presented, or might have been presented, before the commissioners, at their hearing of said petition, and was passed upon and tried, at that time, by said commissioners, in their finding, and by said court, at the establishment of said highway ;—and that every fact, reason, matter and thing, touching or affecting the laying-out of said highway, which existed at said hearing and establishment, continued to exist to the time of bringing said petition, and did then exist ; and that since said hearing, no new fact, reason, matter or thing, against the continuance of said highway, had arisen or taken place at the time of bringing said petition of *B. G. Webb* and others, which was not presented and passed upon, or might have been presented and passed upon, at said hearing ; and that the subject matter of said petition, having been once fully heard and passed upon, by said commissioners and said court, and fully tried and decided as aforesaid, no further or

other trial ought to be had of the same identical matter ; and that said petition ought therefore to be no further heard, but that the same ought to be dismissed, and struck from the docket."

*Hartford,*
June, 1852.

Webb
*v.*
Rocky-Hill.

The petitioners, in their replication, averred, that said highway, at the time of bringing said petition, had become and was of no public use, convenience or necessity ; and that, at said time, public convenience and necessity required its discontinuance.

The county court, at its term in *November*, 1851, found, that *Nehemiah Stevens* and others brought their petition to said court, at its *March* term, 1851, against the town of *Rocky-Hill*, praying for the laying-out of a highway in said town ; which was referred to the county commissioners, who, after due notice and a full hearing of all the parties in interest, made their report in writing to said court, at its *August* term, 1851, laying out the road mentioned in said petition, and finding said road to be of public convenience and necessity ; which report was, by said court, accepted ; and said court ordered the damages assessed by said commissioners, to be paid, by the 1st day of *January* then next, (but which are still unpaid,) and said road to be opened by the 20th day of *April* following.

And the court further found, that the highway which the petitioners, in the present case, ask to have discontinued, is the same highway, so laid out by this court, at its last term; and that since the laying-out of the same, no fact has occurred, and no fact or reason has been shewn to this court, and none exists, to prove that said road, so laid out, is not now as much a matter of convenience and necessity to the public, as when the same was laid out and established as aforesaid ; and that no reason now exists, why said road should be discontinued, that was not, or might not have been, shewn to said commissioners, as a reason why it should not have been laid out.

The court further found, that said road has never been made or opened for public travel ; and that the present petitioners for a discontinuance thereof, are all inhabitants or residents of the town of *Rocky-Hill*.

And upon the facts so found, the court was of opinion :

1st, That all the facts in this case, upon which it might

*Hartford,*
*June, 1852.*

Webb
*v.*
Rocky-Hill.

otherwise be the duty of the commissioners to pass, have been already passed upon, by said commissioners, and adjudicated, by the court.

2d, That the petition brought to this court, for a discontinuance of said road, is in the nature of a petition for a new trial, and should set forth such new matter, accruing since the laying-out of said highway, as would justify a reversal of the doings of said commissioners and of said court.

3d, That if the commissioners, on the facts so found, should overrule the decision of the commissioners in laying out said road, if not irregular, their conduct would be "improper," within the meaning of the statute ; and this court is not required to refer said petition to said commissioners, to do an act, which, if done, would be a good ground for setting aside their report :

And that said petition should, therefore, be dismissed.

To obtain a reversal of this decision, the petitioners filed their motion in error, in pursuance of which the record was brought before the superior court, and was continued therein for the advice of this court.

*Fellowes,* for the plaintiffs in error.

*Welles,* for the defendants in error.

ELLSWORTH, J.   This was a petition, brought by sundry inhabitants of *Rocky-Hill,* describing particularly a certain highway in the town, which, they say, has become and is of no use, and ought to be discontinued.   The town is cited to appear and defend.   Sundry individuals belonging to the town, joined by others of neighbouring towns, appear for that purpose ; and first, they file a protest, and afterwards, a plea or answer, from which it appears, that some of the respondents brought their petition to the county court of the county of *Hartford,* at its *March* term, 1851, against said town of *Rocky-Hill,* praying for the laying-out and establishing of this identical highway, now said to be no longer useful or wanted.   That petition was granted, the highway was found to be necessary, by the commissioners, and was duly laid out.   The report was accepted, and the highway established ; damages to be paid on or before the 1st of *January,*

1852, and the road to be opened on or before the 20th day of *April*, following. It will be perceived, that the present petition was brought before the money was paid, if ever, and before the damages were made payable.

*Hartford,*
June, 1852.

Webb
*v.*
Rocky-Hill.

The respondents, in their defence, insist, that the matter now asked to be adjudicated, is *res adjudicata ;* and in their pleadings, they say, " Every fact or reason for the laying-out of said highway, which existed at the time of the hearing, on the establishment of said highway, has continued to exist ever since that hearing, and now exists ; and that since said hearing and establishment, no *new fact* or *reason* has arisen against the continuance of said highway, which was not presented, or might have been presented and passed upon, at said hearing ;" and " that if this court shall refer the question as to the convenience and necessity of said highway, to the county commissioners, it will be *identically the same question* which has already been tried and passed upon, at said hearing, and not other or different ; and the decision will depend upon the *same facts* and *reasons* which then existed, and were presented, or might have been presented, at said trial, and not other, or different facts."

These facts and allegations of the respondents are not denied, by the petitioners, in their replication, otherwise than it is alleged in the replication, that at the time of bringing this last petition, said highway had become and was of no public use, convenience or necessity ; and that, at said time, public convenience and necessity required its discontinuance, and therefore, the county court had no jurisdiction to enquire into said matter, but the petition must of necessity go to the commissioners ; and they alone can decide how this fact of convenience and necessity is.

Now, this replication does not, in substance or form, deny the *facts* set up in the respondents' plea—facts on which they rely for their defence. As we understand it, the replication passes by all this, and insists, that the highway is not now necessary, and ought not to be continued, and therefore, the commissioners *must* proceed to examine and decide ; whereas the respondents insist, in their pleadings, that this very question, if it can be, has been adjudicated and finally settled, and therefore, as matter of law, should not be further con-

*Hartford,*
June, 1852.

Webb
*v.*
Rocky-Hill.

troverted.    If the petitioners are right in the claim, that the present necessity of the highway is the question in dispute, it is clearly a question for commissioners; but if, as the respondents claim, the issue tendered is the conclusiveness of the former trial, they are right, and it is a preliminary question for the court.

Were the question of the effect of that judgment to be raised before the commissioners, as the petitioners insist, we apprehend they would not consider it, so as to allow it its *full legal efficacy*, if indeed any at all.    They have power to consider only the convenience or necessity of the highway asked to be discontinued.    This is the very language of the statute.    *P.* 425. § 31.    Every other question belongs to the county court, as if there were no commissioners in the case.    The commissioners obviously proceed in *their* enquiry upon original evidence, and not upon the opinion of other commissioners; and if they think a highway laid out yesterday, by their predecessors in office, was incorrectly found to be necessary, they must, without a single change of any circumstance, discontinue it, and the next board may lay it out again, and the next discontinue it; each acting, and each sworn to act, according to their respective convictions of the *convenience* and necessity of the road.    Now, we think the question raised is proper to go to the court, and only to the court.    Has the same matter, cause and thing been decided?    Or, in other words, has the same cause of action now presented, been adjudicated, on a former trial?    If it has, all must agree, that it cannot be again brought into dispute.    A bill in chancery, dismissed on its merits, is *res adjudicata;* so the matter stated in a writ of *habeas corpus*, unless there arise something new; so in the matter of a divorce.    The *form* in which the *res adjudicata* was had, is not so important as the *fact*.    Wherever the court can see, from the record, that by the former trial, *the present* question was settled, the dispute is no longer open to litigation, and the court is bound to arrest the proceeding, whether the parties wish it or not.    The court owes a duty to the public to prevent trial after trial, without any new matter or cause for it, lest there should be no end to litigation.

This, we think, is *substantially*, the present case.    The highway had but just been laid out, after an expensive and

protracted struggle, before commissioners, and in the court; <span style="float:right"></span> and the pleadings admit, and the court has found, in the language of the protest, that all the facts, reasons and circumstances are the same *exactly,* and no other, than those which the county commissioners passed upon, when the highway was established; and that the questions are *identically* the same. Now, if this is not, in the most exact sense, a case of *res adjudicata,* it is sufficiently so, to justify the court in dismissing the petition. If one trial will not suffice, how many will? unless we are to sanction and encourage endless litigation.

The county court finds, as a reason for not granting the petition, *first,* "that all the facts in the case upon which it might otherwise be the duty of commissioners to pass, have been already passed upon, by said commissioners, and adjudicated by the court; *secondly,* that the petition brought to the county court for a discontinuance of said road, is in the nature of a petition for a new trial, and should set forth such new matter accruing since the laying-out of such highway as would justify a reversal of the doings of such commissioners and of said court. *Thirdly,* if the commissioners, on the facts so found, should overrule the decision of the commissioners in laying-out said road, if not irregular, their conduct would be 'improper,' within the meaning of the statute; and this court is not required to refer said petition to said commissioners to do an act, which, if done, would be a ground for setting aside their report." These remarks are entitled to great respect.

It is said finally, this is a case where the plea of *res adjudicata* cannot, by legal possibility, be introduced, as the last petition speaks from a date after the former. Were this true, it does not follow, that the county court did wrong in not entertaining the petition, under the circumstances. But is it entirely certain, this objection is well founded? If the facts, reasons and circumstances, and the question itself are identically the same, and no other, as the protest says, and the court finds, how much is there left, after this, for further trial and adjudication? Nothing substantially; and this is enough. We will not say, that in a proceeding in court, where exact technical rules of pleading are to be observed, a plea of *res adjudicata,* in such a case as this, might not

possibly be open to criticism ; but we receive the protest and answer as sufficient and proper, in a case situated as this is, to authorize the court to pursue the course adopted.

We advise the superior court, that there is no error in the judgment complained of.

In this opinion all the judges concurred.

Judgment affirmed.