## LEVI SCUTT vs. THE TOWN OF SOUTHBURY.

New Haven Co., June T., 1887.    PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The finding of a committee, on an application for the reversal of the
    action of a town in discontinuing a highway, that the road was of
    common convenience and necessity only to the plaintiff, his family
    and a few neighbors, held not inconsistent with a general finding that
    the road was not required by common convenience and necessity.
A conclusion of the committee's report that the highway "should be and
    remain discontinued and closed," held not to be a ground for reject-
    ing the report as being an assumption of authority which the commit-
    tee did not possess, but of no effect upon the report, which was
    complete without it.

The question before such a committee is solely whether the road in question is required by common convenience and necessity.

Matters set up for the first time in a remonstrance to the acceptance of the committee's report, cannot then be heard, because, if they bear upon the question of common convenience and necessity, the party has had the opportunity to present them before the committee; and if they do not, they are wholly outside of the case as it stood before the committee.

It is the duty of the court, under the statute, in the absence of any "irregular or improper conduct" on the part of the committee, to accept its report.

[Argued June 15th—decided July 15th, 1887.]

APPLICATION to the Superior Court in New Haven County for a reversal of an order made by the selectmen of the defendant town, and approved by the town, discontinuing two highways. The matter was referred to a committee, who made the following report:

"That common convenience and necessity do not require that said highway known as, and called in said application, the Dark Entry road, and beginning at said Patrick Mallain's house, and running easterly to the Telegraph road, so called, should be re-opened and maintained as a public highway. Also, that common convenience and necessity do not require that the highway known as, and called in said application, the Muddy Brook road, and running from Patrick Mallain's house westerly to said Telegraph road, should be re-opened and maintained as a public highway. And that both said highways, the Dark Entry road and the Muddy Brook road, should be and remain discontinued and closed."

The plaintiff remonstrated against the acceptance of the report, the grounds of remonstrance being fully stated in the opinion. The court (*Andrews, J.*) overruled the remonstrance, accepted the report, and rendered judgment for the defendants. The plaintiff appealed.

*W. Cothren*, for the appellant.

1. The roads were both ancient proprietors' ways. The title to them has never been alienated by the original proprietors nor their successors. The town has no more right

to divert them from their original use than it has to apply to its own uses the ancient cemeteries and commons set apart for their several uses by the same proprietors. *Fowler* v. *Savage*, 3 Conn., 97; *State* v. *Merritt*, 35 id., 215; *State* v. *Taft*, 37 id., 393–401.

2. The remonstrance alleges that the committee decided that the Muddy Brook road was of common convenience and necessity to the plaintiff and his family and a few neighbors, while deciding that it was not of common convenience and necessity. The demurrer admits that the committee so decided. If such a way was of common convenience and necessity even to those few, the town had no right to discontinue it, and the committee has erred, upon its own premises, in reporting that it was not of common convenience and necessity.

3. The committee exceeded its authority in deciding and ordering that the roads "should be and remain discontinued and closed." This was a matter wholly for the court, and their action was so far illegal, and vitiated the whole report.

*A. N. Wheeler*, for the appellee.

BEARDSLEY, J. This is an application to the Superior Court, pursuant to the provisions of the statute (Gen. Statutes, pp. 236, 237, secs. 29, 35), asking for a reversal of an order made by the selectmen of the town of Southbury, and approved by the town, discontinuing two highways.

The plaintiff alleges that the highways are of common convenience and necessity, and of the greatest convenience and necessity to him as a means of access to his land and to market, and upon these grounds only asks for relief. The application was referred to a committee, pursuant to the statute, who reported that common convenience and necessity did not require that "either of the roads should be re-opened or maintained as a highway," and concluded their report as follows: "Both said highways . . . . . should be and remain discontinued and closed."

The plaintiff remonstrated against the acceptance of the report, upon the following grounds:

1. The land crossed by said highways belongs to the original proprietors of the town of Woodbury, and was never laid out by the town of Southbury, or its selectmen, to be used as highways.

2. Said highways were not highways of the town of Southbury, and could not be by it or its selectmen discontinued.

3. Said highways were laid out by the original proprietors of the town of Woodbury for public convenience, and the special convenience of access to their interior lands, and were, at the time the town and its selectmen attempted to discontinue them, in use for the particular purposes for which said proprietors had dedicated them.

4. The committee having come to the conclusion that said Muddy Brook road was of common convenience and necessity only to the plaintiff, his family, and a few neighbors, decided, by mistake of law on their own premises, that it was not of common convenience and necessity to anybody.

5. Said highways were not legally shut, so that the order of the committee that they be not re-opened is null and void.

6. That the committee exceeded its authority, and attempted to assume the authority and power of the court, in deciding and ordering " that both said highways, the Dark Entry road and the Muddy Brook road should be and remain discontinued and closed," and both its report and its action are illegal and should be set aside.

The defendant demurred to the several grounds of remonstrance, and the court decided that they were insufficient. The plaintiff assigns such decision as error.

The decision of the court was manifestly correct. If the committee did (as is assumed by the plaintiff in his fourth ground of remonstrance, and admitted by the demurrer, but nowhere else appears) come to the conclusion that one of the roads was convenient and necessary for the plaintiff and a few of his neighbors, such finding was not necessarily

decisive of the question of common convenience and necessity, and is not inconsistent with the general finding that the road was not required by common convenience and necessity. And there is no foundation for the claim made in the sixth ground of remonstrance. The only comment to be made upon the language of the committee referred to in it is, that it was unnecessary, the report being complete without it.

The other alleged errors have no foundation.

Upon the plaintiff's application, the only question at issue between the parties was, whether these highways, or either of them, were of common convenience and necessity. Indeed this was the only question which, by the statute under which the application was made, the committee could determine.

If the matters which he now sets up bore upon that question, he had an opportunity to offer his evidence in support of them on the trial, and cannot now be heard upon them. If they did not, they are outside of the case as it stood before the committee.

Upon the return of the report of the committee, in the absence of any "irregular or improper conduct" on their part, the duty of the court, as defined by the statute, was to dismiss the application with costs.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.