CHARLES R. CONE ET AL. *v.* WILLIAM L. DARROW ET AL., SELECTMEN OF THE TOWN OF WATERFORD, ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued December 7, 1960—decided January 24, 1961

*Richard F. Corkey,* for the appellants (plaintiffs).

*Edmund W. O'Brien,* for the appellees (defendants).

KING, J. On November 19, 1957, the selectmen of the town of Waterford executed a writing, signed by

all three selectmen, setting forth that they did "discontinue and abandon that portion of a highway or private way known as Pilgrim Road which begins opposite the home of Moses Hirth and extends northerly for a distance of approximately one mile to the property owned by . . . [the plaintiffs]." On November 25, 1957, at a town meeting duly warned and held, it was voted that "[t]he action of the Board of Selectmen taken November 1957 in discontinuing that portion of Pilgrim Road running northerly from the home of Moses Hirth to the property of . . . [the plaintiffs] is hereby approved."

The plaintiffs appealed to the Court of Common Pleas from the action of discontinuance of the road, alleging that they were aggrieved thereby. It should be noted at the outset that we are concerned solely with a discontinuance under General Statutes § 13-31. Common-law abandonment is not involved. *Greist* v. *Amrhyn*, 80 Conn. 280, 285, 68 A. 521. Under §§ 13-23 and 13-31 of the General Statutes, a person aggrieved by a discontinuance may appeal to the Court of Common Pleas. The defendants, in accordance with the provisions of § 13-23, moved for the appointment of a committee of three disinterested persons to determine the issue of common convenience and necessity.

The plaintiffs claimed, and the unattacked finding of the court was, that the portion of the way discontinued was a public highway. We are therefore not concerned with the discontinuance of a private way, or the precise meaning of that term as used in the discontinuance statute.[1] Arguendo, we may

---

[1] In this connection, see cases such as *Collins* v. *Prentice*, 15 Conn. 39, 45; *Reynolds* v. *Reynolds*, 15 Conn. 83, 92; *Perkins* v. *Colebrook*, 68 Conn. 113, 121, 35 A. 772; and *Marshall* v. *Martin*, 107 Conn. 32, 39, 139 A. 348. There is ground for a claim that the changes in-

assume that the plaintiffs are correct in their claim that the term "private way" has no reference to a private right of way, that is, an easement having its origin in grant, prescription or necessity, but embraces only such private ways as were laid out by the selectmen in accordance with the statutory procedure mentioned in the footnote.

In an appeal under the statutes, all questions as to the validity or legality of the action of discontinuance on the part of the selectmen or the town should be raised in, and determined by, the court prior to the appointment of a committee. *Clark* v. *Cornwall,* 93 Conn. 374, 377, 106 A. 347. If the court finds that the proceedings are valid and legal, as against any attack properly made, it appoints a committee of three disinterested persons to determine whether the public highway sought to be discontinued is of "common convenience and necessity." If the committee is appointed and reports in the affirmative, the action of discontinuance is set aside. If the report is not in the affirmative, the action of discontinuance is sustained. All the claims of the plaintiffs were considered and passed upon by the court. From the judgment overruling the plaintiffs' claims of invalidity and illegality, and ordering the appointment of a committee to determine the issue of common convenience and necessity, the plaintiffs took the instant purported appeal to this court.

What the finding of the committee will be cannot be foretold at this time, since the taking of this purported appeal was treated by all concerned as a supersedeas, so that the committee held no hearings

corporated by the revisers in the Revision of 1930 destroyed the power of selectmen to lay out a private way. Compare Rev. 1918, §§ 1433, 1434, with Rev. 1930, §§ 1433, 1434 (now General Statutes §§ 13-22, 13-23).

and made no report, if, indeed, its members were ever actually appointed. The judgment of the Court of Common Pleas ordering the appointment of a committee was an interlocutory, and not a final, judgment. *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574, 87 A.2d 137. The distinction is well brought out if we compare our condemnation procedure. There, a judgment appointing a committee to assess damages is a final judgment, since all issues involving the legality and propriety of the taking are finally determined prior to the appointment of the committee, and the only matter then undisposed of is the amount of the damages to be paid. *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 374, 84 A.2d 681; *State* v. *Fahey,* 146 Conn. 55, 56, 147 A.2d 476; s.c., 147 Conn. 13, 14, 156 A.2d 463. Here, the basic question of common convenience and necessity still awaits a hearing and determination by the committee. If the committee properly finds that issue in favor of the plaintiffs, they have won their case, because the discontinuance would have to be set aside. *Scutt* v. *Southbury,* 55 Conn. 405, 409, 11 A. 854. Since the lack of any final judgment is a jurisdictional defect, we must dismiss the appeal. *Hoberman* v. *Lake of Isles, Inc.,* supra.

Counsel should proceed to an orderly disposition before the committee of the single issue of common convenience and necessity, which alone remains to be adjudicated.

The appeal is dismissed.

In this opinion the other judges concurred.