NEW HAVEN REDEVELOPMENT AGENCY *v.* RESEARCH ASSOCIATES, INC.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued October 13—decided October 28, 1965

*Benjamin M. Chapnick,* for the appellant (defendant).

*Richard G. Bell,* for the appellee (plaintiff).

House, J. We have previously decided in *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 204 A.2d 833, one aspect of the controversy between these parties. The plaintiff in eminent domain proceedings took land and two tenement houses of the defendant and assessed damages at $37,900. Pursuant to § 8-130 of the General Statutes, this sum was deposited with the clerk of the Superior Court and paid over to the defendant on account of the just compensation to be awarded for the taking. The defendant applied to the Superior Court for a review of the assessment, and the matter was referred to a state referee pursuant to § 8-132. The referee concluded that $15,800 was just compensation for the taking. His report was accepted by the court, and judgment was rendered accordingly. From that judgment the defendant appealed, and on the appeal we found no error and held that the referee had authority to reduce the amount of the assessment. The plaintiff thereupon instituted the present action to recover the overpayment from the defendant.

After the pleadings were closed, the plaintiff moved for summary judgment, claiming that there was no genuine issue as to any material fact alleged in the complaint. The court, after a hearing on the motion, rendered judgment finding that there was no issue as to any material fact with respect to liability but that there was a genuine issue of fact as to damages. The judgment thereupon concluded that the plaintiff was entitled to damages and costs and

ordered that the action be placed on the jury assignment list for the determination of damages. The defendant has appealed from this judgment.

The trial court obviously acted pursuant to § 304 of the Practice Book, which expressly provides: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the court shall order an immediate hearing before a referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages. . . ."

Such a judgment, being interlocutory only, is not a final judgment from which an appeal lies to this court. General Statutes § 52-263; Maltbie, Conn. App. Proc. § 10. This determination is in accord with the interpretation by the federal courts of Rule 56 (c) of the Federal Rules of Civil Procedure, from which the first sentence of Practice Book § 304 was adopted. See *Leonidakis* v. *International Telecoin Corporation,* 208 F.2d 934 (2d Cir.); *Russell* v. *Barnes Foundation,* 136 F.2d 654 (3d Cir.). The test of finality is whether the rights of the parties are concluded so that further proceedings cannot affect them. *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476; *Watson* v. *Howard,* 138 Conn. 464, 467, 86 A.2d 67; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 372, 84 A.2d 681; 30A Am. Jur., Judgments, § 121.

Since the lack of any final judgment is a jurisdictional defect, we must dismiss the appeal. *Cone* v. *Darrow,* 148 Conn. 109, 112, 167 A.2d 852; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574, 87 A.2d 137.

The appeal is dismissed.

In this opinion the other judges concurred.