[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
The defendant Bic Corporation filed a motion for partial summary judgment dated May 8, 1980 to eliminate those parts of the plaintiffs' amended complaint which concerns the issue of "child-proofing" of a cigarette lighter manufactured by it. The amended complaint dated October 12, 1988 contains six counts, and the first, third, fifth and sixth counts are against Bic. The plaintiff is Judy Schofield, individually and as a parent of Scott Schofield, a minor. The allegations against Bic in the complaint claim that the lighter was defective for the following reasons: (1) it could explode or ignite like a blowtorch; (2) its flame adjustment wheel was improperly marked; (3) it was sold without adequate warning; and (4) it was not "child-proof". Bic's motion for partial summary judgment applies only to the "child proofing" CT Page 899 claims which are in several subsections of sections 10 and 11 of the first and third counts of the complaint. Allegations of the other three product liability claims against Bic are also contained in various subsections of paragraphs 10 and 11.
The defendant Caldor, Inc. is also a defendant in the first count of the amended complaint. After Bic filed its motion for partial summary judgment, Caldor filed a similar motion expressly incorporating by reference the claims and briefs filed by Bic in support of its motion.
Bic claims that the lighter involved in this case worked properly, that it was not defective, and that under the products liability law a product intended for adults does not have to be child-proof. It claims that Connecticut's products liability law is based on section 402A of the Restatement (second) of Torts, and that cases from other states which have decided this issue hold as a matter of law that there is no liability on the part of the manufacturer. Bic further claims that the child-proofing claim is separate and distinct from the other three areas of alleged liability in the complaint and that it is severable from the other claims and subject to a partial summary judgment.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connolly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The summary judgment rules apply to counterclaims and cross complaints as well as a plaintiff's complaint, and any party can move for summary judgment upon a counterclaim or cross complaint as if it were an independent action. Section 379, Connecticut Practice Book. A plaintiff can also obtain an interlocutory summary judgment on the issue of liability alone where there is no genuine issue of material fact as to liability even though there is a genuine issue as to damages. Section 385, Connecticut Practice Book; Stroiney v. Crescent Lake Tax District, 197 Conn. 82, 84; Rubin v. Rios, 186 Conn. 754,755; New Haven Redevelopment Agency v. Research Associates, Inc., 153 Conn. 118, 120. These provisions follow the Federal Rules of Civil Procedure. Id.
In addition, section 386 of the Practice Book provides for judgment on part of a claim in two situations: (1) where part of a claim is admitted; or (2) a defense applies to only part of a claim (allowing judgment for the portion of CT Page 900 the claim that the defense does not apply to). Section 386 allows summary judgment to be granted for a plaintiff on some of the counts of a complaint even though there may be a defense to other counts. Section 386 has also been applied to allow summary judgment against one of two defendants on the same claim where the plaintiff's claim against the two defendants is severable. Maislin v. Lawton, 30 Conn. Sup. 593,595. The defendants have not located any Connecticut decision, however, that allows summary judgment for a defendant against the plaintiff on some but not all of the allegations of a single count of a complaint. Their reliance on Hamill v. Smith, 25 Conn. Sup. 183, is misplaced. In that case an interlocutory summary judgment on the issue of liability was granted to a plaintiff on the issue of liability, which was severable from the issue of damages. That procedure is specifically allowed by section 385 of the Practice Book, and the plaintiff had shown there was no genuine issue of material fact on one of several specifications of negligence in the complaint, and that the negligence was the proximate cause of the plaintiff's injuries. It is well established that a plaintiff only has to prove one specification of negligence in a complaint, and not all of them, to recover from a defendant.
Connecticut's rules on summary judgment are governed exclusively by sections 378-386 of the Connecticut Practice Book. None of these rules allow a defendant to obtain a partial summary judgment against a plaintiff to eliminate some but not all of the allegations of a single count of the complaint. The claim here in paragraphs 10 and 11 of the first count are intermingled with other product liability claims against the defendants. In order to obtain a summary judgment a party must show not only that there is no genuine issue of material fact, but also that the moving party is entitled to judgment as a matter of law. Section 384, Connecticut Practice Book; Bartha v. Waterbury House Wrecking Co., supra, 11. Connecticut does not have a procedure for rendering judgment for a defendant on part of a count of a complaint. A summary judgment cannot be granted for a defendant unless it disposes of all of the issues in the count. Telesco v. Telesco, 187 Conn. 715, 718, 719. While our summary judgment rules are substantially similar to the procedure in the federal rules, Farrell v. Farrell, 182 Conn. 34,38, they are not identical. The structure and content of complaints is different in federal court and the provisions for partial summary judgments under Rule 56(d) of the Federal Rules of Civil Procedure differs from the summary judgment rules in the Connecticut Practice Book.
The motions for summary judgment of the defendants are CT Page 901 denied.
ROBERT A. FULLER, JUDGE