[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff attempts to amend a complaint after the pleadings have been closed. The defendant previously filed a Motion for Summary Judgment and argued the CT Page 9603 same. A memorandum of Decision on said motion was rendered. The court (Arena, J) did make certain findings that on certain theories of the plaintiff's case certain allegations that may be necessary to prove to sustain a judgment on that specific theory had not been pled. Summary judgment was not entered in favor of the defendant because there were other theories pled upon which the plaintiff may be able to recover. The plaintiff now attempts amplify and or fortify a theory of recover that this court (Arena, J.) already decided was "inapplicable" because of the lack of certain allegations in the closed pleadings.
When certain findings of law and/or fact made by the court in considering the issues in a motion for summary judgment is denied those findings are not binding upon the court or jury in subsequent hearings. See New Haven Redevelopment Agency v. Research Associates, Inc., 153 Conn. 118,120, 214 A.2d 375, 376 (1965).
The granting of the summary judgment is a final judgment that is appealable. The denial is not.
Summary motions can only be made after the pleadings are closed except with permission of the court the same may be filed at a prior time. The judge's, (Arena) decision tipped off the plaintiff as to what may be a necessary allegation in order to hold in a success or corporation for liability for the torts of a predecessor corporation.
The defendant claims that to allow the new allegation is to allow a new cause of action after the Statute of Limitations has run.
Amendment at any time even during and after trial are allowed. Practice Book Sec. 176, 178. The real question is, does it create new course of action? If so, has the Statute of Limitation run thereby barring such amendment.
The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint during the first thirty days after the return date. Practice Book Sec. 175. A party may amend his pleadings or other parts of the record or proceedings any time thereafter: by order of the court, by written CT Page 9604 consent of the adverse party; or by filing a request for leave to file the amendment with amendment appended. Practice Book Sec. 176.
 [Section 176] [a]mendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial . . . It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during a trial will not be disturbed unless there is clear abuse of that discretion.
Lo Sacco v. Young, 20 Conn. App. 6, 7-8, 564 A.2d 610 (1989) (Citations Omitted).
"It is well settled that amendments, unless they allege a new cause of action, relate back to the date of the complaint." Baker v. Baker, 166 Conn. 476, 486,352 A.2d 277 (1974).
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an CT Page 9605 entirely new and different factual situation is presented, a new and different cause of action is stated.
Sharp v. Mitchell, 209 Conn. 59, 71-72, 546 A.2d 846 (1988). "An amendment to a complaint that sets up a new and different cause of action speaks as of the date when it was filed." Felsted v. Kimberly Auto Services, Inc., 25 Conn. App. 665,667, 596 A.2d 14 (1991).
Plaintiffs, Lauren Copperthite, et al, argue that the proposed amendment to paragraph 3 of Counts One, Two, Three and Four simply expand and amplify what has originally been alleged. The plaintiffs argue that the expansion of their allegation of paragraph 3 that Peterson Oil "substantially continued the general business operations of the said Higganum Oil" by adding "including the same customers, including the plaintiffs" does not create a new cause of action.
The defendant, William R. Peterson Oil Company, Inc., argues that the plaintiffs' proposed amendment constitutes a new allegation of fact in an effort to set forth a basis of a "continuing duty to warn" on the part of the defendant. Defendant argues that such new allegations of fact are barred by the Statute of Limitations which the defendant alleges ran on December 4, 1991.
The plaintiffs' proposed amended complaint does not constitute a new cause of action. The proposed addition of the words "including the same customers, including the plaintiffs" does not represent an entirely new and different factual situation in which a different cause of action is stated. Rather, the proposed amendment merely expands upon the original allegation in paragraph 3 which stated that Peterson Oil "substantially continued the general business operations of the said Higganum Oil." The proposed amendment is part of the same factual allegation put forth by the plaintiffs in paragraph 3 stating that the defendant continued the general business of its predecessor, Higganum Oil. Absent a showing that the proposed amendment constitutes a new cause of action, the amendment relates back to the date of the complaint and it is not necessary to address the Statute of Limitations issue raised by the defendant. CT Page 9606
The defendant also objects to the proposed amendment to paragraph 3 of the First, Second, Third and Fourth Counts which states that Higganum Oil was "sold to defendant" rather than "merged" as previously stated. The defendant objects to this proposed amendment. The defendant argues that it is inaccurate and against the "law of the case" embodied in the court's (Arena, J.) Memorandum of Decision dated August 25, 1992.
The plaintiff proposed amendment to paragraph 3 is neither inaccurate nor against the law of the case. The court (Arena, J.) determined in its decision that no merger had taken place between Peterson Oil and Higganum Oil. The court did not determine that a sale did or did not occur, nor would such a decision have been binding on this court. Rahter, the proposed amendment to change the term "merger" to "sale" is consistent with the court decision and it arises out of the same factual allegations originally asserted in paragraph 3. Such an amendment does not give rise to a new cause of action and is not barred by the Statute of Limitations.
Therefore, the plaintiff's motion to amend is granted.
JOHN WALSH, J.