[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a case wherein the plaintiff is seeking money damages, interest, attorney's fees and a reasonable order of payments for medical services rendered to the defendant. The defendant filed an answer admitting some medical services were CT Page 11470 rendered by the plaintiff hospital leaving the specific amount to the plaintiff to prove and denying allegations that he has refused or neglected to pay. The plaintiff has moved for summary judgment and filed a memorandum of law with supporting affidavits. In these affidavits, the plaintiff claims the sum of $2,962.53 is owed together with attorney fees of $448.38. An invoice for medical services, also submitted in support of this motion, itemizes the cost of services rendered and the dates thereof.
The defendant filed a timely memorandum of law in opposition to the motion together with an affidavit from the defendant denying he ever agreed to pay attorney fees, interest or late charges thereby asserting an issue exists with regard to the damages.
The pleadings have been closed.
"A motion for summary judgment is designed to dispose of actions in which there is no genuine issue of material fact." Michaud v. Gurney, 168 Conn. 431, 433 (1975). The standard for determining whether the moving party, in the present case, the plaintiff, has met the burden of proof is whether a party would be entitled to a directed verdict on the same facts. State v. Grogin, 208 Conn. 606, 616 (1988). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). The motion for summary judgment must be supported by appropriate documents, including affidavits, certified transcripts of testimony taken under oath, disclosures and written admissions. The adverse party is also required to "file opposing affidavits and other documentary evidence." Conn. Practice Book 380. And Conn. Practice Book 385 permits the court to render summary judgment on the issue of liability alone, even though there may be an issue as to the damages. There is "[n]o final order when summary judgments dispose of the liability issue, yet leave the issue of damages to be determined at a later hearing." Conn. Bank Trust Co. v. CHRO, 202 Conn. 150, 156 (1987), quoting New Haven Redevelopment Agency v. Research Associates, Inc., 153 Conn. 118,120 (1965).
In the instant case the plaintiff's supporting documents CT Page 11471 clearly establish the fact that medical services were rendered to the defendant on certain dates and the defendant's supporting documents admit the receipt of these same medical services. Under such circumstances the evidence as regards liability is such that "a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Batick v. Seymour, 186 Conn. 638, 647 (1982), quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 624 (1944). The plaintiff has sustained its burden and is therefore granted summary judgment as to liability only.
The case is ordered set down for a hearing on damages pursuant to Conn. Practice Book 385.
Richard J. Stanley, Judge