## Sewer Commission of the Borough of Colchester *v.* Nicholas Norton et al.

House, C. J., Ryan, Shapiro, Loiselle and MacDonald, Js.

Argued October 6—decided October 17, 1972

*Richard C. Post,* with whom, on the brief, was *Martin J. Schaffhauser,* for the appellants (defendants).

*Joseph A. Broder,* for the appellee (plaintiff).

HOUSE, C. J.  The plaintiff brought this action praying that damages be appraised pursuant to § 7-248 of the General Statutes for the taking of certain land lying in the town of Colchester for a sewerage disposal plant.  The complaint alleged that the defendants owned certain described land, that the plaintiff has determined that that land should be fixed upon as a site for a sewerage disposal plant, that the use of that land was necessary for that purpose, that it "has determined" to take such steps as might be necessary to purchase the property or, if it were unable to agree with the owner, then to condemn it, that they were unable to agree with the owners as to the purchase price and, therefore, prayed that a committee of three disinterested persons be appointed to assess just damages for the taking and that on the payment of such damages the court order that title to the land vest in the plaintiff.

The defendants by their answer admitted ownership of the land in question but denied that the plaintiff had determined that the land should be fixed upon as a site for a sewerage disposal plant, that acquisi-

tion of the land was necessary for such purposes and that the plaintiff had determined to take such steps as might be necessary to purchase the land if agreement could be reached with the owners and otherwise to condemn it. By way of special defense, the defendants pleaded that the land, although located in the town of Colchester, was outside the limits of the borough of Colchester and that the plaintiff is without authority to condemn land lying outside the municipal limits of the borough. By its reply, the plaintiff admitted the factual allegations of the special defense but denied that it was without authority to condemn land outside the limits of the borough.

In this state of the pleadings the plaintiff moved "for judgment on the pleadings with respect to the special defense filed by the defendants" and the court ordered that "the foregoing motion for judgment on the pleadings is granted." As rendered, the judgment "adjudged that judgment may enter for the plaintiff on the pleadings." The defendants thereupon appealed to this court "from the decision that judgment may enter for the plaintiff on the pleadings as respects the defendants' special defense rendered therein." They have assigned as error the action of the court in overruling their claim of law that the plaintiff is restricted from and cannot condemn the land of the defendants which lies outside the plaintiff's municipal boundaries.

While on its face the judgment as rendered, i.e., "for the plaintiff on the pleadings," would appear to be a final judgment on the merits of the plaintiff's action, it obviously was not so intended. On this appeal, the parties have not treated the judgment as final, it is not responsive to the relief claimed in the plaintiff's complaint and it was rendered in response to the plaintiff's motion "for judgment on the plead-

ings with respect to the special defense filed by the defendants." Clearly, the judgment did not adjudicate the merits of the plaintiff's cause of action. There remain the contested issues as to whether the plaintiff has in fact fixed upon the land of the defendants as a site for a sewerage disposal plant, whether the taking is necessary, and the determination of damages if a committee is appointed pursuant to the plaintiff's claim for relief. The only issue decided by the court was that the defendants' special defense was without merit. The merits of the plaintiff's cause of action have yet to be adjudicated.

A motion for judgment on the pleadings " 'is of limited utility, for it requires a situation where the parties are willing to admit the facts and place their entire case on the legal issues raised, waiving the right to replead if the legal issue is decided against them. It operates much in the way of a common law demurrer.' 2 Stephenson, Conn. Civ. Proc. (2d Ed.) § 120; *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 148 A.2d 554." *Boucher Agency, Inc.* v. *Zimmer,* 160 Conn. 404, 409, 279 A.2d 540. Even assuming that as the pleadings stood, the court properly undertook to decide the motion for judgment on the pleadings, since the judgment determined only that the special defense did not bar the plaintiff's action and the merits of that action remain undecided, the judgment was interlocutory only and not a final judgment from which an appeal lies. General Statutes § 52-263; Maltbie, Conn. App. Proc. §§ 10, 13. As this court observed in *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375: "The test of finality is whether the rights of the parties are concluded so that further proceedings cannot affect them. *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476; *Watson* v. *Howard,*

138 Conn. 464, 467, 86 A.2d 67; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 372, 84 A.2d 681; 30A Am. Jur., Judgments, § 121. Since the lack of any final judgment is a jurisdictional defect, we must dismiss the appeal. *Cone* v. *Darrow,* 148 Conn. 109, 112, 167 A.2d 852; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574, 87 A.2d 137." See also *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 426–27, 270 A.2d 546.

The appeal is dismissed.

In this opinion the other judges concurred.