JPMORGAN CHASE BANK, N.A. *v.* DONALD ELDON ET AL.
(AC 33968)

Lavine, Robinson and Harper, Js.

Argued March 6—officially released July 23, 2013

*Laura Pascale Zaino*, with whom was *Brian D. Rich*, for the appellant (plaintiff).

*Hanson Guest*, with whom, on the brief, was *Megan L. Piltz*, for the appellee (named defendant).

*Opinion*

ROBINSON, J. The plaintiff, JPMorgan Chase Bank, N.A., appeals from the judgment of the trial court rendered in favor of the defendant Donald Eldon.[1] On appeal, the plaintiff claims that the trial court abused its discretion by denying its motion to open the judgment,

---

[1] JPMorgan Chase Bank, N.A. f/k/a Washington Mutual Bank, F.A., was also named as a defendant in the case because it held a subordinate lien on the property. As it is not a party to this appeal, Eldon will be referred to as the defendant.

motion to reargue and motion for permission to amend its responses to the defendant's request for admission because the denials were based on default admissions that were plainly false and because they represented a harsh, disproportionate discovery sanction.[2] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On April 12, 2010, the plaintiff initiated a foreclosure action for property located at 109 Godfrey Road in Weston that was owned by the defendant. The plaintiff alleged in its complaint that on March 22, 2006, the defendant had executed a mortgage and note in favor of Washington Mutual Bank, F.A. (Washington Mutual). It further alleged that Washington Mutual was subsequently acquired by the plaintiff by virtue of an acquisition on September 25, 2008, and that the plaintiff was the holder of the note and mortgage. The plaintiff alleged that the defendant was in default, that the plaintiff had elected to accelerate the balance due on the note and that the defendant had failed to cure the default. Accordingly, it sought to foreclose on the property.

The defendant filed an answer on October 12, 2010, and asserted as a special defense that, inter alia, the plaintiff was not the proper owner of the note and

---

[2] The plaintiff additionally argues that if its first argument is not preserved, the court committed plain error in denying its motions because the judgment is contrary to the record and forgives the indebtedness of the defendant in its entirety. Because the plaintiff both raised and properly preserved its claims, we decline to review the plaintiff's claim that the court committed plain error by rendering judgment in favor of the defendant. "[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 204, 982 A.2d 620 (2009); see also *State* v. *Mack*, 129 Conn. App. 127, 132 and n.6, 19 A.3d 689 (declining to review under plain error doctrine where evidentiary claims properly were preserved), cert. denied, 302 Conn. 908, 23 A.3d 1245 (2011).

mortgage. On November 3, 2010, the defendant served the plaintiff with a request for admission, a request for interrogatories and a request for production. He additionally filed a notice of request for admission with the court that day. In response, the plaintiff filed a motion for protective order with respect to the requests for admission, interrogatories and production on November 17, 2010, which the court denied on November 29, 2010. The plaintiff's motion to reargue the denial of its motion for protective order was denied on December 28, 2010.

On December 30, 2010, the defendant filed a motion to determine the sufficiency of admission, pursuant to Practice Book § 13-23,[3] and a motion to compel (first motion to compel),[4] pursuant to Practice Book §§ 13-7 and 13-10.[5] The first motion to compel sought compliance with the defendant's requests for admission, interrogatories and production, but relied on Practice Book §§ 13-7, 13-10 and 13-14, which only pertain to the requests for interrogatories and production.[6] Prior to the court's ruling on those motions, the plaintiff filed a second motion for protective order on January 6,

---

[3] Practice Book § 13-23 (b) provides in relevant part: "The party who has requested the admission may move to determine the sufficiency of the answer or objection. . . . If the judicial authority determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The judicial authority may, in lieu of these orders, determine that final disposition of the request be made at a designated time prior to trial."

[4] The defendant filed a motion to compel on December 20, 2010, on which no action was taken. Thus, for the purposes of this opinion, the December 30, 2010 motion to compel will be referred to as the first motion to compel.

[5] Practice Book §§ 13-7 and 13-10 refer to the procedures for answers to interrogatories and responses to requests for production, respectively.

[6] Practice Book § 13-14 (a) provides in relevant part: "If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production . . . the judicial authority may, on motion, make such order as the ends of justice require."

2011, which was essentially the same as the first motion for protective order.

On January 11, 2011, the court denied the defendant's motion to determine the sufficiency of admission and first motion to compel. As part of its order with respect to the motion to determine the sufficiency of admission, the court deemed the thirty day time period to respond to a request for admission as having commenced on December 28, 2010, the day the court denied the plaintiff's motion to reargue the denial of its first motion for protective order. On January 19, 2011, the court denied the plaintiff's second motion for protective order.

On February 9, 2011, the defendant filed a second motion to compel, which was essentially the same as the first motion to compel, and a motion for summary judgment as to liability only. The defendant sought summary judgment on the ground that, due to the plaintiff's failure to respond to the request for admission, the relevant admissions—that the plaintiff had no legal or equitable interest in the note and mortgage and that the note had been paid in full by a third party—were deemed admitted.

On February 18, 2011, the plaintiff filed its denials and objections to the defendant's request for admission. It also filed an objection to the second motion to compel, stating that notice of the January 11, 2011 order was not sent until January 25, 2011, providing the plaintiff with fewer than three days to comply and arguing that, in the interest of fairness, the plaintiff should be allowed thirty days from the date that notice of the January 11, 2011 order was sent. On March 10, 2011, the plaintiff filed an objection to the defendant's motion for summary judgment.

On March 14, 2011, the court granted the defendant's second motion to compel, ordering compliance by May 1, 2011, and overruled the plaintiff's objection. The

plaintiff filed a motion to reconsider the granting of the second motion to compel on March 22, 2011, which the court denied on March 23, 2011.

Thereafter on May 25, 2011, after hearing oral argument, the court granted the defendant's motion for summary judgment. On August 1, 2011, the plaintiff filed a motion to open the summary judgment. It argued that the court should open the judgment on the basis of the equitable grounds of accident, mistake and confusion due to the court's previous orders regarding discovery.[7] Prior to the court's ruling on its motion to open, the plaintiff filed a motion for permission to amend its responses to the request for admission. The court denied the motion to open on October 12, 2011.

On October 28, 2011, the plaintiff filed a motion to reargue and appealed the denial of its motion to open. After the court denied the motion to reargue on October 31, 2011, the plaintiff filed an amended appeal, additionally appealing from the denial of the motion to reargue. The plaintiff filed a second amended appeal challenging the court's denials of its motion to open, motion to reargue and motion for permission to amend its responses to the request for admission after the court denied the plaintiff's motion for permission to amend its responses to the request for admission.

On appeal, the plaintiff claims that the court abused its discretion in denying its motions to open and to reargue because its responses to the request for admission were timely based on the court's March 14, 2011

[7] The plaintiff also argued that the court should not have granted summary judgment, but instead should have dismissed the action for lack of subject matter jurisdiction because the responses that were deemed admitted established that the plaintiff did not own the note at the time that the action was commenced and, therefore, did not have standing to bring the action. The court rejected the plaintiff's argument as to this issue. The plaintiff does not claim error as to that ruling.

order regarding the defendant's second motion to compel and because notice of the original deadline to file its denials was issued two days before its expiration. Moreover, it maintains that the court abused its discretion in denying the plaintiff's motion for permission to amend because the defendant would not have been prejudiced by the amendment, as he would have retained his ability to pursue his defenses, and because it would have corrected the erroneous judgment. Additionally, the plaintiff asserts that the court abused its discretion with regard to the three motions because the orders represent a harsh, disproportionate discovery sanction imposed in a foreclosure action. Alternatively, the plaintiff claims that the court committed plain error by allowing a judgment that is based on facts that are plainly false to stand. We are not persuaded.

I

We first address the plaintiff's claim that the court's denial of its motion to open the judgment was an abuse of discretion. The following additional procedural history is necessary for the resolution of this claim.

Prior to the court's ruling on the defendant's first motion to compel and motion to determine the sufficiency of admission, the plaintiff filed a second motion for protective order. The court denied the defendant's first motion to compel and motion to determine the sufficiency of admission on January 11, 2011. It noted that pursuant to Practice Book § 13-23 (a), a requested admission is deemed admitted after thirty days if no response is given. The court also noted that on the date when the admission would have been deemed admitted, the plaintiff's motion to reargue the order denying its motion for protective order was pending. The court stated that if it "were to rule that the matters in question were deemed to be admitted for failure to respond during that period, the plaintiff's motion to reargue

would have been preempted." Recognizing that the court had the authority to shorten or lengthen the time to respond to a request for admission, the court concluded that "[u]nder the circumstances here presented the court orders, in the interest of fairness and facilitation of orderly procedure which avoids the preemption of a pending motion, that the thirty day deadline of Practice Book § 13-23 (a) is extended to the extent that it shall be deemed to commence on December 28, 2010, when the motion to reargue the denial of the plaintiff's motion for protective order was denied. Since thirty days from December 28, 2010, have not yet passed, the plaintiff is not at this time deemed to have admitted any matter of which an admission has been requested." Accordingly, the plaintiff's responses to the request for admission were due no later than January 27, 2011. Notice of the court's order was sent on January 26, 2011. The court subsequently denied the plaintiff's second motion for protective order, on January 19, 2011, stating that "[t]he plaintiff has failed to demonstrate the need for a protective order." Notice of that order was sent on January 20, 2011.

Thirteen days after the plaintiff's responses were due and twenty-one days after the court's denial of the plaintiff's second motion for protective order, on February 9, 2011, the defendant filed a second motion to compel that was substantially similar to the first motion to compel and a motion for summary judgment on the basis of the request for admission that was deemed admitted due to the passage of time without a response. On February 18, 2011, nine days after the defendant's motion for summary judgment and motion to compel had been filed, and twenty-two days after the court's deadline to file a response to the request for admission, the plaintiff filed its denials and objections to the request for admission. It also filed an objection to the second motion to compel that same day.

On March 10, 2011, the plaintiff filed an objection to the motion for summary judgment. In its objection, the plaintiff argued that it had complied with the court's January 11, 2011 order because its responses to the request for admission were filed fewer than thirty days from its receipt of the January 11, 2011 order and less than thirty days from the denial of its second motion for protective order. On March 14, 2011, the court granted the defendant's second motion to compel and ordered compliance by May 1, 2011.

On May 23, 2011, the court heard oral argument on the motion for summary judgment. Before the plaintiff began its argument, the court first established that the plaintiff had not attached any documentary evidence to its objection and that it had chosen not to present any evidence to rebut the admission. The plaintiff then argued that notice of the January 11, 2011 order granting it an extension of time to file its responses to the request for admission was not sent until January 25, 2011, which gave the plaintiff only two days to comply with the order.[8] The plaintiff further argued that, in the interest of justice and as a court of equity, it should be allowed thirty days from the date that the order was issued to respond.

The court responded that "[w]hat is equitable and which would make your request in terms of equity resonate would be if I had something before me that said, look, don't bind us to these admissions that were deemed to have been made by us because, in fact, we have evidence that will show that these admissions are not true, that, in fact, we have evidence of a good cause of action, that we have evidence that we did not receive these payments, that we have evidence that we were

---

[8] The postcard notice sent to the parties shows an order date of January 25, 2011. According to the court file, however, notice of the order was sent on January 26, 2011.

valid owners of this note when we commenced the action. All those things would, I think, allow the court in an equitable proceedings to say . . . [the plaintiff] should not be deprived of a valid cause of action because of all the technicalities involved in the situation . . . but you haven't given me that. And I don't see how in the absence of that I can invoke through the use of the court's equitable powers granting you relief from the consequences of your untimely response to the request for admissions."

In reply, the plaintiff stated that it did have evidence to support its position and requested an additional two weeks to file an amended objection. It also requested that the date for submission of its responses be thirty days from the denial of the plaintiff's second motion for protective order, which occurred on January 19, 2011. When questioned by the court, the plaintiff did admit, however, that no rule of practice or case law supported its position that a motion for protective order tolled the running of the thirty day deadline for responding to a request for admission. The court also elicited from the plaintiff that neither motion for protective order sought a thirty day extension to respond to the request for admission if the motions were denied, that the plaintiff did not file a motion for extension of time when it received the January 11, 2011 order on the motion to determine the sufficiency of admission, that it did not immediately file responses when it received the January 11, 2011 order and that the plaintiff did not ask for permission from the court to entertain the late filing.

In rendering summary judgment in favor of the defendant, the court rejected the plaintiff's argument that its denials to the request for admission were timely "because of an implicit extension of thirty days which arises each time the plaintiff applied for a protective order pursuant to [Practice Book] § 13-5. The plaintiff

offered no authority supporting this argument. The court finds the argument to be unconvincing." Having concluded that the admissions stating that the plaintiff was not the holder of the mortgage and that the mortgage had been paid in full were deemed admitted, the court declined to exercise its equitable powers "to relieve the plaintiff of the consequences of its failure to file timely responses to the defendant's requests for admissions" when the plaintiff had "failed to support [its] argument with affidavits or other documentary evidence supporting the fact that it was, in fact, the holder of the mortgage on the defendant's property which had not been paid in full." Accordingly, it concluded that the plaintiff had failed to demonstrate a genuine issue of material fact that it had a valid cause of action against the defendant.

More than two months after the summary judgment, on August 1, 2011, the plaintiff filed a motion to open the judgment. It argued that the summary judgment should be opened for two reasons. The plaintiff first claimed that its belief that it had thirty days from the denial of its second motion for protective order was not negligence, but a mistake or error "based upon the complexity of the discovery orders and confusion surrounding such." The plaintiff also argued, for the first time, that because the defendant's second motion to compel contemplated the request for admission as well as the other discovery requests, the court's order mandating compliance by May 1, 2011, must have applied to the request for admission. Because the plaintiff had submitted its denials to the request for admission before the May 1, 2011 compliance date, the plaintiff contended that its submissions were timely.

In its October 12, 2011 order, the court denied the plaintiff's motion to open. In its memorandum of decision, the court recited the procedural history of the case, specifically noting that the defendant's second

motion to compel was addressed to the requests for interrogatories and production. The court then rejected the plaintiff's arguments, stating that the "arguments advanced by the plaintiff in support of [the ground of accident, mistake or confusion] are nothing more than a reassertion of the arguments advanced by the plaintiff (and rejected by the court) in its opposition to [the defendant's] motion for summary judgment. Notably absent from that opposition and from this motion to open [the] judgment are any affidavits or documentary evidence demonstrating that [the] plaintiff has a valid cause of action." The court concluded that there was no equitable basis to open the summary judgment rendered in favor of the defendant and, accordingly, denied the plaintiff's motion to open.

We begin with our standard of review. "The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice Book § 63-1]. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Citation omitted; internal quotation marks omitted.) *Worth* v. *Korta*, 132 Conn. App. 154, 158–59, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012).

"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice

Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . .

"Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94–95, 952 A.2d 1 (2008).

In the present case, the plaintiff raised two arguments to the trial court, one that acknowledged an improper reading of the court's January 11, 2011 order and one that raised a claim that the plaintiff had not raised to the court in its opposition to the motion for summary judgment, namely, that its responses were timely due to the court's March 14, 2011 order regarding the defendant's second motion to compel.

The plaintiff's acknowledged erroneous interpretation of a court order is not a good and compelling reason to open the summary judgment, especially given the fact that the plaintiff had ample time and opportunity to rectify the problem. As the court noted during oral argument on the motion for summary judgment, the plaintiff did not ask for an extension of time to respond to the request for admission in the event that its motion for protective order was denied. It did not ask for an extension of time when it realized that notice

of the court's January 11, 2011 order was sent two days prior to the expiration of the new deadline set forth in the order. The plaintiff did not file its responses when it received the court's January 11, 2011 order and did not ask for permission to file late responses when it did file its responses nearly a month after the imposed deadline. Moreover, as the court noted at oral argument on the motion for summary judgment and in its decisions on the motion for summary judgment and motion to open, the plaintiff failed to provide any evidence to the court that it did, in fact, have an interest in the note at the time that it commenced the action and that the debt was still outstanding. Accordingly, the court did not abuse its discretion in denying the motion to open on this ground.

As to the second ground, "the trial court [is] not required to open the judgment to consider a claim not previously raised." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, supra, 288 Conn. 94. Athhough the plaintiff argued in its motion to open that the March 14, 2011 order of compliance "must have applied" to the request for admission and that it had a good faith basis to believe that the responses were timely, the plaintiff did not file a supplemental objection to the motion for summary judgment nor did it make this argument during oral argument, more than two months after the order was issued. Thus, the court was not required to consider it. Moreover, the plaintiff's failure to appeal from the summary judgment or to file the motion to open within twenty days of the rendering of summary judgment precludes us from considering the merits of this argument.[9] See *Worth* v. *Korta*, supra,

[9] The defendant filed a motion to dismiss the portions of the plaintiff's appeal that challenged the court's May 25, 2011 decision granting the defendant's motion for summary judgment because the appeal had not been filed within twenty days of the rendering of summary judgment. This court granted the motion, stating: "The plaintiff's appeal is limited to the October 12, 2011 denial of the motion to open, the October 31, 2011 denial of the motion to reargue and the February 21, 2012 denial of the 'plaintiff's motion for permis-

132 Conn. App. 158–59. Thus, we conclude that the court did not abuse its discretion in not opening the summary judgment.

## II

We next address the plaintiff's claim that the court's denial of its motion to reargue was an abuse of discretion. The following additional procedural history is necessary for the resolution of this claim.

On September 9, 2011, prior to the court's ruling on its motion to open, the plaintiff filed a motion for permission to amend its responses to the request for admission. When the court denied the motion to open on October 12, 2011, it noted, in a footnote, that "[a]lso pending, although not presently before the court, is the plaintiff's motion to amend its answers to [the defendant's] request for admissions. In light of the court's ruling, that motion . . . would appear to be moot."

On October 28, 2011, the plaintiff filed a motion to reargue the motion to open. For the first time, the plaintiff challenged the admissions related to whether the plaintiff had received payments from third parties and whether the note had been paid in full. It contended that the admissions were inadmissible hearsay and that there was no factual basis for the admissions. Also, for the first time, the plaintiff attached an affidavit as well as other documentary evidence that sought to establish its ownership of the note and mortgage and the continued indebtedness of the defendant. Additionally, it characterized the court's denial of the motion to open as a sanction for violation of a discovery order that amounted to a complete forfeiture of the defendant's indebtedness. The plaintiff then urged the court to impose a sanction proportionate to the violation based

sion pursuant to Practice Book § 13-24 (a) to amend plaintiff's February 18, 2011 responses to defendant's request for admissions, dated November 3, 2010 and deem such request for admissions timely denied.' "

on the same arguments that it had made previously regarding the confusion in discovery orders by the court.

The plaintiff further argued that it should be allowed to amend its responses pursuant to Practice Book § 13-24. The plaintiff stated that it had provided evidence that contradicted the admission, namely, that the plaintiff was the holder of the note at the commencement of the foreclosure action, that the loan was in default and that the loan had not been paid off by a third party. It claimed that the defendant's reliance on the admission should not be deemed reasonable because the denial of the admission was twenty-one days late and because the defendant could not provide any evidence that the loan was paid off or that the plaintiff was not the proper party to bring the action. Moreover, the plaintiff maintained that during the mediation program, the defendant had never claimed that the loan was paid off or that the plaintiff was not the proper party. Accordingly, the plaintiff asserted, the defendant could not show actual prejudice to his defense if the plaintiff were allowed to amend its responses to the request for admission.

The trial court denied the motion to reargue on October 31, 2011, and upon an order of articulation by this court, the trial court stated that "it denied the plaintiff's motion to reargue because it did not believe that the plaintiff set forth any new arguments that would lead the court to believe that it overlooked any controlling law or that the court misapprehended the relevant facts when ruling on the plaintiff's motion to open. See Practice Book [§] 11-12 and *Opoku* v. *Grant*, [63 Conn. App. 686, 692, 778 A.2d 981 (2001)]. The factual and legal basis for the court's denial of the plaintiff's motion to open is fully set forth in the court's memorandum of decision dated October 12, 2011. That memorandum of

decision further explains the basis on which the court granted summary judgment in favor of the defendant."

"The standard of review for a court's denial of a motion to reargue is abuse of discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did. . . .

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Internal quotation marks omitted.) *Fortin* v. *Hartford Underwriters Ins. Co.*, 139 Conn. App. 826, 843, 59 A.3d 247, cert. granted on other grounds, 308 Conn. 905, 61 A.3d 1048 (2013). "Newly discovered evidence may warrant reconsideration of a court's decision. However, [f]or evidence to be newly discovered, it must be of such a nature that [it] could not have been earlier discovered by the exercise of due diligence." (Internal quotation marks omitted.) *Durkin Village Plainville, LLC* v. *Cunningham*, 97 Conn. App. 640, 656, 905 A.2d 1256 (2006).

The plaintiff's submission of documentary evidence of its interest in the note and mortgage as well as the continued indebtedness of the defendant in support of its motion to reargue was not newly discovered evidence that would warrant reconsideration of the court's decision to deny the motion to open. At oral argument on the defendant's motion for summary judgment, the

plaintiff indicated that it had evidence that it possessed the note and mortgage, that the note was in default and that the indebtedness remained. It chose not to produce that evidence, either at the summary judgment stage or in support of its motion to open the judgment. Because the plaintiff had established that the evidence was within its possession prior to filing the motion to reargue, the court properly did not consider it when deciding that motion.

The court also properly declined to consider the plaintiff's other arguments as they represented a " 'second bite at the apple.' " *Fortin* v. *Hartford Underwriters Ins. Co.*, supra, 139 Conn. App. 843. The plaintiff cannot claim that the arguments were raised previously but were not addressed by the court on the motion to open. Nor did the arguments bring to the court's attention some principle of law that had been overlooked or a misapprehension of the facts. Moreover, these additional arguments represent a collateral attack on the summary judgment that we already have determined is not permitted in this case. Accordingly, the court did not abuse its discretion in denying the plaintiff's motion to reargue.

### III

Next, we address the plaintiff's claim that the court's denial of its motion for permission to amend its responses to the request for admission was an abuse of discretion. The following procedural history is necessary to address this claim.

In its motion to amend, the plaintiff requested permission to remove any objections, to deem all requests denied, with the exception of number seventeen, and to allow such filing to be deemed timely. It argued that the amendment should be granted because there was no basis in fact to support a finding that the admissions were true based on the merits of the case and because

the presentation of the merits of the case would be subserved by reliance on the untrue and inaccurate admissions. The plaintiff maintained that it was "able to offer evidence that clearly and conclusively contradicts the findings of the admissions . . . . If the [c]ourt allows this [a]mendment and allows the opening of the [s]ummary [j]udgment finding, [the] [p]laintiff is prepared to submit an [a]ffidavit showing that the [p]laintiff has standing in this action, the underlying loan is in default, the loan has not been paid off by the [defendant] or some other third party and that a substantial loan balance remains unpaid on this account." The plaintiff further maintained that there was confusion "regarding notices and potentially conflicting court orders regarding discovery due dates in this matter" and that to "not allow the [p]laintiff this amendment would reward [the] [d]efendant's unreasonable reliance in order to glorify technical compliance with the rules of practice."

The court subsequently denied the motion to open and determined that the motion to amend was moot. Nevertheless, the plaintiff reclaimed the motion to amend on November 16, 2011, and filed a request to argue the motion on November 22, 2011. Oral argument was heard on February 21, 2012.

At oral argument, the court first noted that the motion appeared to be late and represented a collateral attack on the court's judgment. It also challenged the efficacy of granting the motion given that the case was pending on appeal in front of this court. The plaintiff argued that, given the different standard for deciding a motion to amend, the motion should be resolved for this court's consideration of the issue. It also maintained that if the court granted the motion, the plaintiff would be able to seek to vacate the summary judgment. The court responded that it did not see how the interest of justice would be served by allowing the plaintiff to amend its

responses more than a year after summary judgment had been rendered, especially considering the fact that the plaintiff did not act after the motion was granted. The court continued, stating: "[W]hy . . . should I allow at this late date the plaintiff to make this attack, which in effect is to reward [its] lack of diligence?" The plaintiff responded that in "somewhat analogous" cases, the court had allowed amendments after a long period of time. It also asserted that the original responses were less than a month late. Concluding that the fact that the attorney who had handled the motion for summary judgment was no longer employed by the law firm representing the plaintiff did not constitute good cause and that it still believed that the motion was moot, the court denied the motion.[10]

Practice Book § 13-24 (a) provides in relevant part: "Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission. The judicial authority may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action or defense on the merits . . . ."

"A trial court has wide discretion in granting or denying amendments to the pleadings and only rarely will this court overturn the decision of the trial court. . . . To reverse a ruling of the trial court [denying] an amendment to the pleadings requires that the [plaintiff] make a clear showing of abuse of discretion. . . .

---

[10] In its motion to reargue the denial of its motion to open the summary judgment, the plaintiff apologized to the court for the status of the proceedings and noted in a footnote that the attorney who had been assigned the case and had argued against the motion for summary judgment was no longer employed by the law firm representing the plaintiff.

"In determining whether there has been an abuse of discretion, much depends on the circumstances of each case. . . . In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party." (Citations omitted; internal quotation marks omitted.) *Kelley* v. *Tomas*, 66 Conn. App. 146, 177–78, 783 A.2d 1226 (2001).

The court did not abuse its discretion in denying the motion to amend because at the time of the court's decision, the merits of the case already had been decided. Summary judgment was rendered on May 25, 2011, and the plaintiff did not appeal that decision. Its motions to open and to reargue were denied on October 12, 2011, and October 31, 2011, respectively. By the time the court heard oral argument on the motion to amend, judgment in favor of the defendant had been in effect for nearly a year. Moreover, the court determined that granting the motion to amend would reward the plaintiff's lack of diligence.

Because, in effect, the action was no longer pending before the trial court, the plaintiff's reliance on *Kelley* v. *Tomas*, supra, 66 Conn. App. 146, is misplaced. In *Kelley*, the plaintiff requested an admission from the defendant. Id., 176. Due to personal problems, the defendant's counsel was unable to file responses. Id. Because of the defendant's failure to respond, the plaintiff deemed the request for admission admitted and moved for summary judgment. Id., 177. The defendant filed a motion for permission to amend its responses to the request for admission, which the court granted. Id., 177. The case went to trial. Id., 173. Unlike in *Kelley* where the merits of the action had not yet been adjudicated when the court granted the defendant's motion to amend, in the present case a final judgment on the

merits had been rendered by the time that the plaintiff's motion to amend had been filed and decided.[11] Because the plaintiff has provided us with no case law that shows that a court's denying a motion for permission to amend responses to a request for admission after judgment has been rendered is an abuse of discretion, and we can find none, we conclude that the court did not abuse its discretion in denying the plaintiff's motion for permission to amend its responses to the defendant's request for admission.

## IV

We next address the plaintiff's claim that the court abused its discretion by denying its three motions because the denials represented a harsh, disproportionate discovery sanction in a foreclosure action. It claims that because of the conflicting discovery deadlines, there is a question as to both the clarity of the discovery orders and whether there was a violation of a discovery order.[12]

---

[11] The plaintiff's reliance, in its motion for permission to amend its responses, on the Superior Court cases that it cites fails for the same reason.

[12] "In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met. First, the order to be complied with must be reasonably clear. . . . This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion. . . .

"[T]he primary purpose of a sanction for violation of a discovery order is to ensure that the defendant's rights are protected, not to exact punishment on the [plaintiff] for its allegedly improper conduct. . . . The determinative question for an appellate court is not whether it would have imposed a similar sanction but whether the trial court could reasonably conclude as it did given the facts presented. Never will the case on appeal look as it does to a [trial court] . . . faced with the need to impose reasonable bounds and order on discovery." (Citations omitted; internal quotation marks omitted.) *Usowski* v. *Jacobson*, 267 Conn. 73, 85, 836 A.2d 1167 (2003).

The plaintiff may be correct that the court imposed a harsh discovery sanction in the foreclosure action. That sanction, however, was imposed when the court granted the defendant's motion for summary judgment, not when it denied the plaintiff's motions to open, to reargue and to amend. As we have noted previously, because the plaintiff failed to take an appeal from the granting of the motion for summary judgment or to move to open the judgment within twenty days of that decision, we do not engage in an analysis of the merits of that decision. If the plaintiff wanted to challenge the clarity of the court's discovery orders, it should have done so at the summary judgment stage. Thus, we decline to review the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.