******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

SANDRA M. HIRSCH, TRUSTEE *v.*
WILLIAM S. WOERMER
(AC 40653)

Keller, Elgo and Beach, Js.

*Syllabus*

The plaintiff trustee sought to foreclose a mortgage on certain real property owned by the defendant. In response, the defendant filed three special defenses, including a claim of unconscionability of the initial loan. The trial court granted the plaintiff's motion to strike the special defenses and, thereafter, rendered judgment in the plaintiff's favor. The defendant subsequently filed motions to open the judgment and to amend his answer with an additional special defense of a violation of the Connecticut Abusive Home Loan Lending Practices Act (§ 36a-746 et seq.), which the trial court denied. The court rendered a judgment of foreclosure by sale, from which the defendant appealed to this court. *Held*:

1. The trial court properly granted the plaintiff's motion to strike the defendant's special defense of unconscionability; the defendant failed to sufficiently plead facts to support his special defense on procedural grounds in that he did not allege facts constituting unfair surprise that related to the making, validity, or enforcement of the mortgage or note, and his assertion that the loan was predatory because of its term of one year with an interest rate of 15 percent, and points of 5 percent, alone, was not sufficient to render the contract unenforceable on the ground of substantive unconscionability, as claims of an unconscionable interest rate are not enough to sustain the special defense without facts related to the defendant's financial circumstances, the type of property for which the loan would be utilized, whether the property was associated with a second mortgage, or the income-producing capacity of the property, which the defendant failed to provide.

2. The trial court did not abuse its discretion when it denied the defendant's motion to open the judgment; that court was not required to open the judgment to consider a claim not previously raised, the proposed special defense alleged for the first time the violation of a statute, which the defendant did not raise until two months after the judgment was rendered against him, he did not offer any authority to support his claim that the court abused its discretion in denying his motion to open but merely argued that his proposed amended answer and special defenses included allegations that the loan was unconscionable because it allegedly violated certain statutes, and there was no indication that such a claim was unavailable to him prior to when judgment was rendered or that new evidence was discovered, nor did the defendant offer any evidence that there was a good and compelling reason for the modification to his special defenses after judgment was rendered.

Argued May 17—officially released September 11, 2018

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant, and for other relief, brought to the Superior Court in the judicial district of New Haven at Meriden, where the court, *Hon. John F. Cronan*, judge trial referee, granted the plaintiff's motion to strike the defendant's special defenses; thereafter, the court granted the plaintiff's motion for judgment and rendered judgment in part thereon; subsequently, the court denied the defendant's motion to open the judgment; thereafter, the court denied the defendant's motion to amend; subsequently, the court granted the plaintiff's motion for judgment of foreclosure by sale and rendered judgment thereon, from

which the defendant appealed to this court; thereafter, the court denied the defendant's motion for articulation. *Affirmed.*

*Robert M. Singer*, for the appellant (defendant).

*Harry Hirsch*, for the appellee (plaintiff).

*Opinion*

ELGO, J. The defendant, William S. Woermer, appeals from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, Sandra M. Hirsch, Trustee. On appeal, the defendant claims that the court improperly (1) granted the plaintiff's motion to strike his special defense of unconscionability and (2) denied his motion to open. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff holds a note from the defendant, which is now in default, for the original principal amount of $73,200 secured by a mortgage on real property located in Branford. The mortgage was dated March 31, 2015, and recorded on the Branford land records.

The plaintiff initiated this foreclosure action on May 3, 2016. On October 5, 2016, the defendant filed an answer and three special defenses on the basis of lack of standing, invalid mortgage, and unconscionability. On October 11, 2016, the plaintiff filed an amended complaint, and subsequently moved to strike the defendant's three special defenses on December 15, 2016. On January 30, 2017, the defendant filed an objection.

On January 31, 2017, the court granted the plaintiff's motion to strike. In striking the special defense of unconscionability, the court stated that "the defendant's claim that the initial loan was 'outrageous and unconscionable' is without any statutory or case law basis. There is nothing in the record that indicates that the defendant was tricked or coerced into entering the original instrument."

The plaintiff filed a motion for judgment on the pleadings[1] in March, 2017. In support of the motion, the plaintiff argued that the defendant admitted liability on the complaint and had no valid special defense. On March 20, 2017, the court granted the plaintiff's motion and rendered judgment in her favor.

On May 15, 2017, the defendant filed a motion to open the judgment.[2] In addition, the defendant filed a motion for permission to amend on May 15, 2017.[3] Specifically, the defendant requested permission to file a proposed amended special defense and a counterclaim alleging a violation of General Statutes § 36a-746 et seq., the Connecticut Abusive Home Loan Lending Practices Act (act). In response, the plaintiff filed separate objections on May 25, 2017, to the defendant's motion to open and the motion to amend. At the hearing on the motion to open and motion to amend, the plaintiff argued that the act does not provide a private right of action; rather the act describes activities that are regulated by the Commissioner of Banking. Following the hearing, the court denied both motions on May 31, 2017. Thereafter, on June 2, 2017, the plaintiff filed a

motion for judgment of foreclosure by sale, and on July 3, 2017, the court rendered a judgment of foreclosure by sale, determining the amount of debt and setting the sale date as September 2, 2017. This appeal followed.

I

The defendant first claims that the court improperly granted the plaintiff's motion to strike his special defense of unconscionability. We disagree.

In his answer, the defendant claimed that the mortgage and note are unconscionable for one or more of the following reasons: "(a) the attorney performing the closing is the same attorney foreclosing on the property; (b) the attorney performing the closing failed to provide a retainer agreement; (c) the loan is predatory for one or more of the following reasons: (1) the term is for just over [one] year, (2) the interest rate is 15 [percent], and (3) the points charged were in excess of 5 [percent]."

At the outset, we set forth our well-established standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary. . . . A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) *TD Bank*, *N.A.* v. *M.J. Holdings*, *LLC*, 143 Conn. App. 322, 326, 71 A.3d 541 (2013).

"A motion to strike does not admit legal conclusions. . . . Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike. The trial court may not seek beyond the complaint for facts not alleged, or necessarily implied . . . . Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note, or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. . . . [O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . ." (Citation omitted; internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Blowers*, 177 Conn. App. 622, 629, 172 A.3d 837 (2017), cert. granted, 328 Conn. 904, 177 A.3d 1160 (2018).

We first note that the defense of unconscionability is a recognized defense to a foreclosure action. See id.,

629 ("equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury" [internal quotation marks omitted]); *Monetary Funding Group, Inc.* v. *Pluchino*, 87 Conn. App. 401, 411, 867 A.2d 841 (2005). "The purpose of the doctrine of unconscionability is to prevent oppression and unfair surprise. . . . As applied to real estate mortgages, the doctrine of unconscionability draws heavily on its counterpart in the Uniform Commercial Code which, although formally limited to transactions involving personal property, furnishes a useful guide for real property transactions. . . . As Official Comment 1 to § 2-302 of the Uniform Commercial Code suggests, [t]he basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. . . . Unconscionability is determined on a case-by-case basis, taking into account all of the relevant facts and circumstances." (Internal quotation marks omitted.) *Monetary Funding Group, Inc.* v. *Pluchino*, supra, 411. "The classic definition of an unconscionable contract is one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other." (Internal quotation marks omitted.) *R.F. Daddario & Sons, Inc.* v. *Shelansky*, 123 Conn. App. 725, 741, 3 A.3d 957 (2010).

Claims of unconscionability fall into two categories: substantive and procedural. "Substantive unconscionability focuses on the content of the contract, as distinguished from procedural unconscionability, which focuses on the process by which the allegedly offensive terms found their way into the agreement." (Internal quotation marks omitted.) *Cheshire Mortgage Service, Inc.* v. *Montes*, 223 Conn. 80, 87 n.4, 612 A.2d 1130 (1992), quoting J. Calamari & J. Perillo, Contracts (3d Ed.) § 9-37. Procedural unconscionability is intended to prevent unfair surprise and substantive unconscionability is intended to prevent oppression. *Smith* v. *Mitsubishi Motors Credit of America, Inc.*, 247 Conn. 342, 349, 721 A.2d 1187 (1998).

"The doctrine of unconscionability, as a defense to contract enforcement, generally requires a showing that the contract was both procedurally and substantively unconscionable when made—i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party . . . ." (Internal quotation marks omitted.) *R.F. Daddario & Sons, Inc.* v. *Shelansky*, supra, 123 Conn. App. 741; see also *Emeritus Senior Living* v. *Lepore*, 183 Conn. App. 23, 29, A.3d (2018).

On our review of the pleadings, we conclude that

the defendant has failed to sufficiently plead facts to support his special defense of unconscionability on procedural or substantive grounds. The defendant alleged that the attorney performing the closing is the same attorney foreclosing on the property and that the attorney performing the closing failed to provide a retainer agreement. To the extent that the allegations implicate procedural unconscionability, the defendant has not sufficiently alleged facts constituting unfair surprise that relate to the making, validity, or enforcement of the mortgage or the note.

As to substantive unconscionability, the defendant asserts that the loan is predatory because of the one year term with a 15 percent interest rate and points in the amount of 5 percent. These allegations, alone, however, are not sufficient to render the contract unenforceable on the ground of substantive unconscionability. In *Cheshire Mortgage Service, Inc.* v. *Montes*, supra, 223 Conn. 85, 94, our Supreme Court held that a mortgage with an annual interest rate of 18 percent was neither procedurally nor substantively unconscionable. Furthermore, in *Emigrant Mortgage Co.* v. *D'Agostino*, 94 Conn. App. 793, 803, 896 A.2d 814, cert. denied, 278 Conn. 919, 901 A.2d 43 (2006), this court held that a defendant's "bald assertion" that a default interest rate of 18 percent was unconscionable, "without more, was insufficient to establish that the default interest rate . . . was unconscionable." As the United States District Court for the District of Connecticut has noted, in cases analyzing whether an interest rate is substantively unconscionable, unpaid property taxes in Connecticut are subject to an annual interest rate of 18 percent, which suggests that such a rate is not unconscionable in and of itself. See *Pierce* v. *Emigrant Mortgage Co.*, Docket No. 3:04cv1767 (JCH), 2007 WL 4800725, *6 n.1 (D. Conn. December 27, 2007) ("the Connecticut legislature's imposition of an 18 [percent] rate for unpaid taxes suggests that such a rate is not unconscionable *per se*"); see also General Statutes § 12-146.

Furthermore, our Supreme Court has noted that "[w]hether interest rates are unconscionable is a question that should not be decided simply by judicial surmise about prevailing prime interest rates. The financial circumstances of the borrower, the increased risk associated with a second mortgage, and the income-producing capacity of the mortgaged property are some of the questions of fact that might appropriately be explored to shed light on whether a designated interest rate is or is not unconscionable." (Footnote omitted.) *Hamm* v. *Taylor*, 180 Conn. 491, 495, 429 A.2d 946 (1980).

Accordingly, if a bald allegation of an annual or default interest rate of 18 percent is not enough to establish unconscionability, it follows that the mere allegation of an annual interest rate of 15 percent likewise is not enough to establish unconscionability. The

other alleged predatory terms, including the points "in excess of 5 [percent]" and the term of the loan for "just over [one] year," do not tip the scale to support a defense on substantive unconscionability. See *Hottle* v. *BDO Seidman, LLP*, 268 Conn. 694, 721, 846 A.2d 862 (2004); *Smith* v. *Mitsubishi Motors Credit of America, Inc.*, supra, 247 Conn. 352. To survive a motion to strike, the defendant must plead additional facts for such terms to be sufficient to support the defense of unconscionability. As this court stated in *R.F. Daddario & Sons, Inc.* v. *Shelansky*, supra, 123 Conn. App. 742, a defendant's "mere claim that the terms of the subject note and mortgage were unconscionable is insufficient to establish [the] special defense."

In this case, the defendant has failed to provide any information about his financial circumstances, the type of property that the loan would be utilized for, whether the property was associated with a second mortgage, or the income-producing capacity of the property. Furthermore, the defendant has not alleged any facts that he was unfairly surprised by the terms of the note, that he was misled; see *Monetary Funding Group, Inc.* v. *Pluchino*, supra, 87 Conn. App. 412; or any other facts that would support that there was an absence of meaningful choice on the part of the defendant. *Bender* v. *Bender*, 292 Conn. 696, 732, 975 A.2d 636 (2009).

Construed in the light most favorable to the defendant, the facts alleged in his special defense do not support his claim that the note and the mortgage are unconscionable.[4] Accordingly, we conclude that the court properly granted the plaintiff's motion to strike the defendant's special defense of unconscionability.

## II

The defendant's second claim of error alleges that the court improperly denied his motion to open the judgment for the purpose of amending his special defenses. In essence, the defendant argues that the court abused its discretion when it denied his motion to open because the proposed amended answer and special defenses "specifically [pleaded] that the loan violated . . . An Act Concerning Abus[ive] Home [Loan] Lending Practices." We disagree.

We first set forth our standard of review and applicable law. "The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice Book § 63-1]. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits

of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal. . . .

"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . .

"Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Citation omitted; internal quotation marks omitted.) *JPMorgan Chase Bank, N.A.* v. *Eldon*, 144 Conn. App. 260, 272–73, 73 A.3d 757, cert. denied, 310 Conn. 935, 79 A.3d 889 (2013).

"The criteria for a court to open a judgment is analogous to the conditions needed for a petition for a new trial on grounds of newly discovered evidence. . . . A petition for a new trial is governed by [General Statutes] § 52-270 (a), which provides in relevant part: The Superior Court may grant a new trial of any action that may come before it, for . . . the discovery of new evidence . . . . The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, *such that it could not have been discovered earlier by the exercise of due diligence;* (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. . . . These rules are motivated by the policy that [o]nce a judgment [is] rendered it is to be considered final and it should be left undisturbed by post-trial motions except for a good and compelling reason." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Worth* v. *Korta*, 132 Conn. App. 154, 160–61, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012).

We note that the defendant had the opportunity to plead over after the court granted the plaintiff's motion to strike, yet failed to do so. Instead, the defendant did not raise any allegation of a violation of the act until May, 2017, two months after judgment had been ren-

dered against him. In his appellate brief, the defendant offers no authority to support his claim that the court abused its discretion in denying the motion to open. Rather, he merely argues that the proposed amended answer and special defenses included allegations that the loan is unconscionable because it allegedly violated the act. There is no indication that such claims were unavailable to the defendant prior to judgment entering or that new evidence was discovered. Furthermore, the defendant failed to offer any evidence that there was a good and compelling reason for the modification to his special defenses after judgment was rendered.

As we previously stated, "the trial court [is] not required to open the judgment to consider a claim not previously raised." (Internal quotation marks omitted.) *JPMorgan Chase Bank, N.A.* v. *Eldon,* supra, 144 Conn. App. 273. The proposed special defense not only alleges for the first time the violation of a statute, the statute itself is not synonymous with the previously raised special defense of unconscionability. Accordingly, the court was not required to consider this new claim.

Making every reasonable presumption in favor of the court's action, we cannot conclude that the court acted unreasonably and in clear abuse of its discretion when it denied the defendant's motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Our Practice Book does not provide for a motion for judgment on the pleadings. Our Supreme Court, however, recognized the motion in *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 191, 148 A.2d 554 (1959). See *Sewer Commission* v. *Norton,* 164 Conn. 2, 5, 316 A.2d 775 (1972); *Boucher Agency, Inc.* v. *Zimmer,* 160 Conn. 404, 408–409, 279 A.2d 540 (1971).

[2] In his motion to open, the defendant argued as follows: "The defendant herein moves that the judgment on the pleadings be opened. The defendant is filing herewith the following:

"Motion for Order to Amend Special Defense & Counterclaim

"The subject mortgage was in violation of An Act Concerning Abuse Home Lending Practices, [General Statutes § 36a-746 et seq.]. Attached hereto is the following:

"a. U.S. Department of Treasury Yield Curve Rate—showing Treasury Bond Rate of 2.61 [percent] on March 31, 2016;

"b. FreddieMac.com [thirty] year fixed rate mortgage—rate in April 3.61 [percent];

"c. [Office of Legislative Research] Research Report 2002-R-0855 entitled 'Predatory Lending Laws';

d. Relevant Portions of Chapter 669 of the Connecticut General Statutes, including Connecticut Abusive Home Loan Lending Practices, [§ 36a-746 et seq.]."

[3] The defendant's motion to amend stated as follows: "Pursuant to Practice Book [§] 10-60, the [defendant], through his attorney, hereby moves that he be allowed to add a special defense and file a counterclaim. The mortgage is in violation of [General Statutes §] 36a-746, and the statute provides for a defense and counterclaim per [General Statutes §] 36a-760i."

[4] To the extent that the defendant argues the merits of his special defense of unconscionability, we note that our review is restricted to the motion to strike the special defense. As we have already articulated, our review of the motion to strike is limited to the facts as set forth in the complaint and the answer. Any facts in the defendant's brief that are not included in the complaint and the answer are irrelevant to our review.